Bank of N.Y. Mellon v West (2020 NY Slip Op 02755)





Bank of N.Y. Mellon v West


2020 NY Slip Op 02755


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2017-06670
 (Index No. 4993/13)

[*1]Bank of New York Mellon, etc., respondent,
v
Fredericka West, appellant.


Victor Campos, P.C., Bayshore, NY, for appellant.
Dominic Sarna (Solomon & Siris, P.C., Garden City, NY [Stuart Siris and Jackie L. Gross], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 2, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as was to direct the Queens County Clerk to accept for filing and recording a copy of a certain mortgage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 15, 2013, the plaintiff commenced this action alleging that the defendant executed a note in favor of Countrywide Bank, N.A., in 2006, and that the note was secured by a mortgage on certain real property located in Jamaica, Queens. According to the complaint, the mortgage was not recorded. The note and mortgage allegedly were assigned to the plaintiff, but the original mortgage was subsequently lost, misplaced, or inadvertently destroyed. The plaintiff sought a judgment, in effect, directing the defendant to execute and acknowledge a replacement and confirmatory mortgage in its favor or, in the alternative, declaring the plaintiff to be the holder of an equitable mortgage encumbering the premises, and directing the Queens County Clerk to record a copy of the mortgage. The defendant, in effect, answered the complaint and denied that the signature on the mortgage was hers.
The plaintiff moved for summary judgment on the complaint and the defendant opposed the motion. The Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as was to direct the Queens County Clerk to accept a copy of the mortgage for filing and recording. The defendant appeals.
Contrary to the defendant's contention, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, a copy of the mortgage bearing the defendant's signature, which contained a notarized certificate of acknowledgment. "A certificate of acknowledgment attached to an instrument such as [a] mortgage raises a presumption of due execution, which presumption can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed" (Tribeca Lending Corp. v Huseinovic, 151 AD3d 901, 902 [internal quotation marks omitted]; see John Deere Ins. Co. v [*2]GBE/Alasia Corp., 57 AD3d 620, 621). "[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty" (Albany County Sav. Bank v McCarty, 149 NY 71, 80). The defendant's conclusory claim that the signature on the mortgage was a forgery was insufficient to raise a triable issue of fact (see Clark v Mortgage Servs. Unlimited, 78 AD3d 1104, 1105; Beshara v Beshara, 51 AD3d 837, 839; Paciello v Graffeo, 32 AD3d 461, 462-463).
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court