Bank of Am., N.A. v Hirsch (2020 NY Slip Op 05022)





Bank of Am., N.A. v Hirsch


2020 NY Slip Op 05022


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-09275
2017-09789
 (Index No. 829/15)

[*1]Bank of America, N.A., respondent, 
v
Drora F. Hirsch, et al., defendants, Michael Nitka, appellant.


Ronald D. Weiss, P.C., Melville, NY, for appellant.
McCabe, Weisberg & Conway, LLC, New Rochelle, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Nitka appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated October 5, 2016, and (2) an order of the same court dated July 6, 2017. The order dated October 5, 2016, granted the plaintiff's unopposed motion, inter alia, in effect, for leave to enter a default judgment against the defendant Michael Nitka and for an order of reference. The order dated July 6, 2017, denied that branch of the motion of the defendant Michael Nitka which was to vacate the order dated October 5, 2016, and a prior order of the same court dated August 8, 2016, denying his motion for leave to file a late answer, and thereupon, for leave to amend his answer.
ORDERED that the appeal from the order dated October 5, 2016, is dismissed; and it is further,
ORDERED that the order dated July 6, 2017, is affirmed, and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2015, the plaintiff commenced this action to foreclose a mortgage on property allegedly owned by the defendants Drora F. Hirsch and Michael Nitka. Nitka failed to timely appear or answer the complaint.
By notice of motion dated May 26, 2015, Nitka moved pursuant to CPLR 3012(d) for "leave to file a late answer." The plaintiff opposed Nitka's motion, and, in an order dated August 8, 2016, the Supreme Court denied the motion.
While Nitka's motion was still pending, the plaintiff moved, in effect, for leave to enter a default judgment against Nitka and for an order of reference and related relief. Nitka did not oppose the motion. In an order dated October 5, 2016, the Supreme Court granted the plaintiff's motion.
By order to show cause dated April 19, 2017, Nitka moved, inter alia, pursuant to CPLR 5015(a)(2) and (3) to vacate the prior orders dated August 8, 2016, and October 5, 2016, and, thereupon, for leave to amend his answer. The plaintiff opposed the motion. In an order dated July [*2]6, 2017, the Supreme Court denied Nitka's motion. Nitka appeals..
As a threshold matter, the appeal from the order dated October 5, 2016, must be dismissed, as it was made upon Nitka's default (see CPLR 5511; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062).
We agree with the Supreme Court's determination, in the order dated July 6, 2017, denying that branch of Nitka's motion which was pursuant to CPLR 5015(a)(2) to vacate the prior orders dated August 8, 2016, and October 5, 2016, since Nitka failed to establish, among other things, that his alleged newly discovered evidence "could not have been discovered earlier through the exercise of due diligence" (Matter of State Farm Ins. Co. v Colangelo, 44 AD3d 868, 868). We also agree with the Supreme Court's determination denying that branch of Nitka's motion which was pursuant to CPLR 5015(a)(3) to vacate the subject orders, since Nitka failed to establish any fraud, misrepresentation, or other misconduct by the plaintiff in obtaining those orders (see Bank of N.Y. v Lagakos, 27 AD3d 678, 679).
Insofar as Nitka's motion may be construed as seeking relief pursuant to CPLR 5015(a)(1) or in the interest of substantial justice, he failed to establish his entitlement to such relief on either of those grounds (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 69; U.S. Bank N.A. v Slavinski, 78 AD3d 1167, 1167).
As Nitka failed to establish his entitlement to vacatur of the subject orders, we agree with the Supreme Court's determination to deny, as academic, that branch of his motion which was for leave to amend his answer.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court