Citimortgage, Inc. v Kish (2021 NY Slip Op 01245)





Citimortgage, Inc. v Kish


2021 NY Slip Op 01245


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-06640
 (Index No. 2735/14)

[*1]Citimortgage, Inc., respondent, 
v
Louis B. Kish, etc., appellant, et al., defendants.


David A. Bythewood, Mineola, NY, for appellant.
David A. Gallo & Associates, LLP (Akerman LLP, New York, NY [Jordan M. Smith], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Louis B. Kish appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 27, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate two orders of the same court, both dated September 15, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference.
ORDERED that the order dated October 27, 2017, is affirmed, with costs.
On June 15, 2007, the defendant Louis B. Kish (hereinafter the defendant) executed a note in the principal sum of $334,750. The note was secured by a mortgage on certain real property located in Suffolk County. The defendant allegedly defaulted on the loan, and in 2014, the plaintiff commenced this action to foreclose the mortgage.
Subsequently, the plaintiff moved for, among other relief, summary judgment on the complaint insofar as asserted against the defendant and an order of reference. In two orders dated September 15, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In June 2017, the defendant moved pursuant to CPLR 5015(a)(3) to vacate the orders dated September 15, 2016. The Supreme Court denied the motion, and the defendant appeals.
To prevail on a motion pursuant to CPLR 5015(a)(3) to vacate an order granting summary judgment in a foreclosure action, the proponent must establish that the opponent procured the order by fraud, misrepresentation, or other misconduct (see Rossrock Fund II, L.P. v Norlin Corp., 128 AD3d 1046, 1047). Here, the defendant failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the orders dated September 15, 2016, pursuant to CPLR 5015(a)(3).
The defendant's remaining contentions are improperly raised for the first time on appeal (see Bank of N.Y. Mellon v West, 183 AD3d 683, 685).
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court