PennyMac Corp. v Sellitti (2021 NY Slip Op 02402)





PennyMac Corp. v Sellitti


2021 NY Slip Op 02402


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-05684
 (Index No. 605048/17)

[*1]PennyMac Corp., respondent, 
v
Raymond Sellitti, etc., appellant.


Michael V. Devine, Belle Terre, NY, for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated March 14, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated August 28, 2018, among other things, denying the defendant's motion pursuant to CPLR 3012(d) for leave to serve and file a late answer, denied the defendant's cross motion to vacate the order dated August 28, 2018, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
On June 1, 2017, the plaintiff commenced this action against the defendant to foreclose a mortgage. The defendant did not timely answer the complaint. On or about October 3, 2017, the defendant moved pursuant to CPLR 3012(d), for leave to serve and file a late answer. In an order dated August 28, 2018, the Supreme Court, inter alia, denied the defendant's motion on the ground that he had failed to give a reasonable excuse for his failure to answer. The plaintiff subsequently moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant cross-moved to vacate the order dated August 28, 2018, pursuant to CPLR 5015(a)(3) or, in the alternative, in the interest of substantial justice. In an order and judgment of foreclosure and sale dated March 14, 2019, the court, among other things, denied the defendant's cross motion and directed the sale of the subject premises. The defendant appeals.
CPLR 3012(d) provides that a court may extend the time to appear or plead, or compel the acceptance of an untimely pleading, "upon such terms as may be just and upon a showing of reasonable excuse for delay or default." Here, the defendant's vague assertion that he was receiving medical treatment "during the time the Answer needed to be served" was insufficient to establish a reasonable excuse for his delay in answering the complaint (see Dankenbrink v Dankenbrink, 154 AD3d 809, 810; Saltino v Pompa, 134 AD3d 692, 693). Accordingly, the Supreme Court properly denied his motion pursuant to CPLR 3012(d) for leave to serve and file a late answer.
The Supreme Court also properly denied that branch of the defendant's cross motion which was pursuant to CPLR 5015(a)(3) to vacate the order dated August 28, 2018, since the defendant failed to establish any fraud, misrepresentation, or other misconduct by the plaintiff in obtaining that order (see Bank of Am., N.A. v Hirsch, 186 AD3d 1469, 1470; Bank of N.Y. v Lagakos, 27 AD3d 678, 679).
Although the Supreme Court retains inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice, "[a] court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008). Further, "[t]his discretion is reserved for 'unique or unusual' circumstances that warrant such action" (Cox v Marshall, 161 AD3d 1140, 1142, quoting Katz v Marra, 74 AD3d 888, 891).
Under the circumstances of this case, the Supreme Court properly denied that branch of the defendant's cross motion which was to vacate the order dated August 28, 2018, in the interest of substantial justice (see Torres v Rely On Us, Inc., 165 AD3d 731, 734; Kleynerman v MJGC Home Care, 153 AD3d 1246, 1247). The defendant failed to show the existence of any actual fraud with respect to that order (see Braunstein v Hodges, 180 AD3d 640, 641).
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court