Deutsche Bank Natl. Trust Co. v Le-Mond (2021 NY Slip Op 05319)





Deutsche Bank Natl. Trust Co. v Le-Mond


2021 NY Slip Op 05319


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2018-02209
 (Index No. 510328/15)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Sharon Le-Mond, appellant, et al., defendants. Sharon Le-Mond, Brooklyn, NY, appellant pro se.


Robertson, Anschutz, Schneid, Crane & Partners, PLLC (Greenberg Traurig, LLP, New York, NY [Patrick G. Broderick and Ryan Sirianni], of counsel), for respondent



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sharon Le-Mond appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 28, 2017. The order denied that defendant's motion pursuant to CPLR 5015(a)(3), in effect, to vacate an order of the same court dated July 13, 2016, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference, and, thereupon, for summary judgment dismissing the complaint insofar as asserted against her and on her counterclaim, among other things, to cancel and discharge of record the subject mortgage.
ORDERED that the order dated November 28, 2017, is affirmed, with costs.
To prevail on a motion pursuant to CPLR 5015(a)(3) to vacate an order awarding summary judgment in a foreclosure action, the proponent must establish that the opponent procured the order by fraud, misrepresentation, or other misconduct (see Citimortgage, Inc. v Kish, 192 AD3d 659; Rossrock Fund II, L.P. v Norlin Corp., 128 AD3d 1046, 1047). Here, the appellant's broad, conclusory, and unsubstantiated allegations of fraud failed to demonstrate that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the order dated July 13, 2016, pursuant to CPLR 5015(a)(3). Accordingly, the Supreme Court properly denied the appellant's motion (see Bank of N.Y. Mellon Trust Co., N.A. v Sukhu, 163 AD3d 748; Golden First Bank v Tal, 136 AD3d 974, 974-975; Wells Fargo Bank, N.A. v Rooney, 132 AD3d 980, 983).
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court