U.S. Bank Trust v McGlone (2022 NY Slip Op 00458)





U.S. Bank Trust v McGlone


2022 NY Slip Op 00458


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2018-12424
2018-12425
 (Index No. 8590/13)

[*1]U.S. Bank Trust, etc., respondent,
v
Theodore J. McGlone, et al., appellants.


David A. Bythewood, Mineola, NY, for appellants.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated May 3, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated May 3, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied the defendants' cross motion pursuant to CPLR 5015(a)(3) to vacate an order of the same court dated November 29, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the order dated November 29, 2017, and the order dated May 3, 2018, among other things, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal from the order dated May 3, 2018, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated May 3, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On September 19, 2009, the defendant Theodore J. McGlone executed a note in the [*2]principal sum of $485,347. The note was secured by a mortgage on certain real property located in Lynbrook. McGlone allegedly defaulted on the loan, and in 2013, the plaintiff commenced this action to foreclose the mortgage.
Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint, to appoint a referee to compute the amount due to the plaintiff, and to amend the caption to include Susanne Clegg as a defendant. In an order dated November 29, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In February 2018, the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants cross-moved pursuant to CPLR 5015(a)(3) to vacate the order dated November 29, 2017. By order dated May 3, 2018, the court granted the plaintiff's motion and denied the defendants' cross motion. In an order and judgment of foreclosure and sale also dated May 3, 2018, the court, among other things, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendants appeal.
"To prevail on a motion pursuant to CPLR 5015(a)(3) to vacate an order granting summary judgment in a foreclosure action, the proponent must establish that the opponent procured the order by fraud, misrepresentation, or other misconduct" (Citimortgage, Inc. v Kish, 192 AD3d 659, 659; see Citimortgage, Inc. v Zagoory, 198 AD3d 715, 716; Deutsche Bank Natl. Trust Co. v Le-Mond, 198 AD3d 610, 610). Contrary to the defendants' contention, the plaintiff's submission of three assignments of mortgage and two affidavits to the Supreme Court did not constitute fraud, misrepresentation, or other misconduct. Because the out-of-state acknowledgments on the affidavits, and on the assignments of mortgage dated August 14, 2014, and October 24, 2016, respectively, conformed substantially with the requirements of New York law (see Real Property Law § 309-b), those documents did not require a certificate of conformity pursuant to Real Property Law § 299-a(1) (see Midfirst Bank v Agho, 121 AD3d 343, 351). Although the copy of the assignment of mortgage dated December 6, 2011, in the record on appeal is barely legible, even if that assignment of mortgage, or any of the other subject documents, were not accompanied by certificates of conformity, the absence of a certificate of conformity is a mere irregularity, not a fatal defect, which can be disregarded in the absence of a showing of actual prejudice (see CPLR 2001; Midfirst Bank v Agho, 121 AD3d at 351). Moreover, a mere assignment of mortgage is irrelevant to the issue of the plaintiff's standing to foreclose, as the mortgage is not the dispositive document of title (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 362; Citimortgage, Inc. v Zagoory, 198 AD3d at 715).
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal (see Bank of N.Y. Mellon v West, 183 AD3d 683, 685).
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court