HSBC Bank USA, N.A. v Kahan (2022 NY Slip Op 01013)





HSBC Bank USA, N.A. v Kahan


2022 NY Slip Op 01013


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-06566 
2019-06567
 (Index No. 2856/09)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Batya Kahan, etc., et al., appellants, et al., defendants.


Law Office of Paul R. Kenney, LLC, New York, NY, for appellants.
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Joseph B. Teig, Andrew B. Messite, and Kerren Zinner], of counsel), for respondent.



DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendants Batya Kahan and Samuel Kahan appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 27, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated March 27, 2019. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and denied those branches of the cross motion of the defendants Batya Kahan and Samuel Kahan which were to vacate an order of the same court dated September 14, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, and to dismiss the complaints in Action No. 1 and Action No. 2. The order and judgment of foreclosure and sale, upon the order dated March 27, 2019, among other things, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated March 27, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated March 27, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In June 2004, the defendant Samuel Kahan (hereinafter Samuel) executed a note in [*2]the principal sum of $440,000 in favor of nonparty GreenPoint Mortgage Funding, Inc., which was secured by a mortgage on residential property in Brooklyn (hereinafter the property). In May 2006, the defendant Batya Kahan (hereinafter Batya) executed a note in the sum of $560,005.10 in favor of nonparty Sterling Empire Funding Associates, Ltd. , which was secured by a second mortgage on the property. Also in May 2006, Samuel and Batya (hereinafter together the defendants) executed a Consolidation, Extension, and Modification Agreement, which consolidated the two notes and mortgages to form a single lien in the sum of $1,000,000.
In February 2009, the plaintiff, as the alleged holder of the consolidated note and mortgage, commenced this action to foreclose the mortgage against, among others, the defendants (hereinafter Action No. 1). Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. In an order dated September 14, 2017, the Supreme Court granted the plaintiff's motion. In January 2018, the plaintiff commenced a related action to foreclose the mortgage against, among others, National City Bank, a subordinate mortgagee (hereinafter Action No. 2). In April 2018, the plaintiff moved, among other things, to consolidate Action No. 1 with Action No. 2, to confirm a referee's report, and for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, to vacate the order dated September 14, 2017, asserting, among other things, that the plaintiff engaged in fraudulent conduct with regard to the commencement of two separate actions to foreclose the mortgage. In an order dated March 27, 2019, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The Supreme Court issued an order and judgment of foreclosure and sale dated March 27, 2019, which, inter alia, confirmed the referee's report and directed the sale of the property. The defendants appeal.
"To prevail on a motion pursuant to CPLR 5015(a)(3) to vacate an order [granting] summary judgment in a foreclosure action, the proponent must establish that the opponent procured the order by fraud, misrepresentation, or other misconduct" (Deutsche Bank Natl. Trust Co. v Le-Mond, 198 AD3d 610, 610; see CitiMortgage, Inc. v Kish, 192 AD3d 659). Here, the defendants failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the order dated September 14, 2017 (see CitiMortgage, Inc. v Kish, 192 AD3d at 660; U.S. Bank N.A. v Allen, 102 AD3d 955).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court