Oro v Figeroa (2022 NY Slip Op 05327)

Oro v Figeroa

2022 NY Slip Op 05327

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-06823
 (Index No. 715183/21)

[*1]Joan Oro, appellant, 
v
Julio . Figeroa, Jr., etc., et al., respondents, et al., defendants.

Reitler Kailas & Rosenblatt LLP, New York, NY (Brian D. Caplan, Andrew Baraff, and Brett Van Benthysen of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, in effect, pursuant to RPAPL article 15 to compel the determination of claims to real property, and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 16, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment declaring that she was the sole owner of the subject property from 1990 until she sold the property in 2016.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for summary judgment declaring that she was the sole owner of the subject property from 1990 until she sold the property in 2016 is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiff was the sole owner of the subject property from 1990 until she sold the property in 2016.
The plaintiff commenced this action, inter alia, in effect, to compel the determination of claims to certain real property located in Flushing (hereinafter the property). Subsequently, the plaintiff moved, among other things, for summary judgment declaring that she was the sole owner of the property from 1990 until she sold the property in 2016. The defendants Michael J. Kloznick, Marion Cusimano Thompson, and Marie Cusimano Krumvieda, and other defendants (hereinafter collectively the defendants), opposed the motion, contending, inter alia, that certain signatures on documents submitted in a 1950 probate proceeding (hereinafter the 1950 documents) and on a 1952 deed (hereinafter the 1952 deed) in the plaintiff's chain of title were forged. In an order entered August 16, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for summary judgment declaring that she was the sole owner of the property from 1990 until she sold the property in 2016. The plaintiff appeals.
"A certificate of acknowledgment attached to an instrument such as a deed or a mortgage raises the presumption of due execution, 'which presumption . . . can be rebutted only after being weighed against any evidence adduced to show that the subject instrument was not duly executed'" (ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803, quoting Son Fong Lum v Antonelli, 102 AD2d 258, 260, affd 64 NY2d 1158; see Lucky's Real Estate Group, LLC v Powell, 189 AD3d 1202, 1204). "'[A] certificate of acknowledgment should not be overthrown upon evidence of a doubtful character, such as the unsupported testimony of interested witnesses, nor upon a bare preponderance of evidence, but only on proof so clear and convincing as to amount to a moral certainty'" (Bank of N.Y. Mellon v West, 183 AD3d 683, 684, quoting Albany County Sav. Bank v [*2]McCarty, 149 NY 71, 80; see Beshara v Beshara, 51 AD3d 837, 838).
Here, the plaintiff met her prima facie burden by submitting, inter alia, estate documents and the deeds in her chain of title demonstrating that she became the sole owner of the property in 1990. The plaintiff's submissions included copies of the 1950 documents and the 1952 deed which contained notarized certificates of acknowledgment (see Bank of N.Y. Mellon v West, 183 AD3d at 684; Moffett v Gerardi, 75 AD3d 496, 498; Beshara v Beshara, 51 AD3d at 838-839). In opposition, the defendants failed to raise a triable issue of fact. The affidavits of interested parties submitted by the defendants were insufficient to rebut the presumption of due execution arising from the notarized certificates of acknowledgment accompanying the 1950 documents and the 1952 deed (see Lucky's Real Estate Group, LLC v Powell, 189 AD3d at 1204; John Deere Ins. Co. v GBE/Alasia Corp., 57 AD3d 620, 622; Osborne v Zornberg, 16 AD3d 643, 644). Moreover, the signatures on two documents submitted by the defendants to show the signatories' purported authentic signatures were barely visible due to the poor quality of the copies and, to the extent they were visible, are similar in appearance to the challenged signatures on the 1950 documents and the 1952 deed (see Sterling Natl. Bank v Alan B. Brill, P.C., 186 AD3d 515, 518; cf. Kitovas v Megaris, 133 AD3d 720, 721-722; TD Bank, N.A. v Piccolo Mondo 21st Century, Inc., 98 AD3d 499, 500). The defendants failed to establish that the handwriting on a third document submitted by them was a signature.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment declaring that she was the sole owner of the property from 1990 until she sold the property in 2016.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court