203-205 N 8th St., LLC v 203-205 N. 8th St. Loft, LLC (2023 NY Slip Op 00195)

203-205 N 8th St., LLC v 203-205 N. 8th St. Loft, LLC

2023 NY Slip Op 00195

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-01295
 (Index Nos. 509303/15, 509304/15)

[*1]203-205 N 8th Street, LLC, respondent,
v
203-205 North 8th Street Loft, LLC, et al., appellants, et al., defendants. (Action No. 1.)
3052 Brighton 1st Street II, LLC, respondent,
v
3052 Brighton First, LLC, appellant, et al., defendants. (Action No. 2.)

Seddio & Associates, P.C., Brooklyn, NY (Frank R. Seddio and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellants.
Kriss & Feuerstein, LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Michael V. Capellupo of counsel), for respondents.

DECISION & ORDER
In two separate actions to foreclose two different mortgages, 203-205 North 8th Street Loft, LLC, and Chaim Miller, defendants in Action No. 1, appeal, and 3052 Brighton First, LLC, a defendant in Action No. 2, separately appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated February 6, 2020. The order, insofar as appealed from by the defendants 203-205 North 8th Street Loft, LLC, and Chaim Miller, denied those branches of their motion which were, in effect, pursuant to CPLR 5015(a) to vacate an amended order and judgment of foreclosure and sale of the same court (David B. Vaughan, J.) dated December 4, 2017, entered in Action No. 1, for leave to renew that branch of their prior motion which was to vacate that amended order and judgment of foreclosure and sale, which had been denied in an order of the same court (David B. Vaughan, J.) dated May 7, 2018, entered in Action No. 1, and to direct the plaintiff in Action No. 1 to provide certain discovery. The order, insofar as appealed from by the defendant 3052 Brighton First, LLC, denied those branches of its motion which were pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale of the same court (David B. Vaughan, J.) dated November 1, 2017, entered in Action No. 2, for leave to renew that branch of its prior motion which was to vacate that order and judgment of foreclosure and sale, which had been denied in an order of the same court (David B. Vaughan, J.) dated May 7, 2018, entered in Action No. 2, and to direct the plaintiff in Action No. 2 to provide certain discovery.
ORDERED that the order dated February 6, 2020, is affirmed insofar as appealed from, with costs.
These are two related mortgage foreclosure actions. The facts relating to Action No. 1 are set forth in this Court's decision and order on a related appeal (see 203-205 N 8th Street, LLC [*2]v 203-205 North 8th Street Loft, LLC, _____ AD3d _____ [Appellate Division Docket No. 2018-00961; decided herewith]). The facts relating to Action No. 2 are set forth in this Court's decision and order on a related appeal (see 3052 Brighton 1st Street II, LLC v 3052 Brighton First, LLC, _____ AD3d _____ [Appellate Division Docket No. 2018-01122; decided herewith]).
In January 2020, in Action No. 1, the defendants 203-205 North 8th Street Loft, LLC, and Chaim Miller moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate an amended order and judgment of foreclosure and sale dated December 4, 2017, entered in Action No. 1, for leave to renew that branch of their prior motion which was to vacate that amended order and judgment of foreclosure and sale, which had been denied in an order dated May 7, 2018, entered in Action No. 1, and to direct the plaintiff in Action No. 1 to provide certain discovery. Also in January 2020, in Action No. 2, the defendant 3052 Brighton First, LLC, moved, inter alia, pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale dated November 1, 2017, entered in Action No. 2, for leave to renew that branch of its prior motion which was to vacate that order and judgment of foreclosure and sale, which had been denied in an order dated May 7, 2018, entered in Action No. 2, and to direct the plaintiff in Action No. 2 to provide certain discovery. In an order dated February 6, 2020, the Supreme Court, among other things, denied those branches of the respective motions. The defendants 203-205 North 8th Street Loft, LLC, and Chaim Miller appeal, and the defendant 3052 Brighton First, LLC, separately appeals.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it on such terms as may be just, on the grounds of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order on which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68). In addition to the grounds set forth in the statute, a court may, in its discretion, vacate its own judgment or order for "sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68).
Here, the Supreme Court properly denied those branches of the motions which were pursuant to CPLR 5015(a). To be entitled to vacatur pursuant to 5015(a)(1), the defendants 203-205 North 8th Street Loft, LLC, Chaim Miller, and 3052 Brighton First, LLC (hereinafter collectively the defendants), had to show "both a reasonable excuse for the default and the existence of a potentially meritorious defense" (U.S. Bank N.A. v Rauff, 205 AD3d 963, 965; see Deutsche Bank Natl. Trust Co. v Abrahim, 183 AD3d 698, 699). They failed to make this showing. None of the defendants established a reasonable excuse for the failure to timely answer the complaint. In any event, none of the defendants demonstrated a potentially meritorious defense to the actions. A forbearance agreement will generally be enforced according to its terms where, as here, it is unambiguous (see Deutsche Bank Natl. Trust Co. v Williams, 62 AD3d 826, 827). In the forbearance agreements, the defendants waived all defenses to foreclosure and consented to the entry of judgments of foreclosure and sale. Moreover, the defendants failed to establish that the amended order and judgment of foreclosure and sale or the order and judgment of foreclosure and sale, respectively, was procured through fraud, misrepresentation, or other misconduct warranting vacatur pursuant to CPLR 5015(a)(3) (see HSBC Bank USA, N.A. v Kahan, 202 AD3d 941, 943).
The defendants' remaining contentions are without merit.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court