Carter v U.S. Bank Trust, N.A. (2023 NY Slip Op 03327)

Carter v U.S. Bank Trust, N.A.

2023 NY Slip Op 03327

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-01308
 (Index No. 508243/18)

[*1]Anita Carter, appellant, 
v
U.S. Bank Trust, N.A., etc., respondent.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Locke Lord LLP, New York, NY (Harry K. Tiwari and William D. Foley, Jr., of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated January 27, 2021. The order denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In April 2018, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage on certain property located in Brooklyn. After issue was joined, the plaintiff moved for summary judgment on the complaint. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint. In support, the defendant submitted an affidavit from Tonya Tillman, a default servicing officer with Caliber Home Loans, Inc., the loan servicer and attorney-in-fact for the defendant. In an order dated January 27, 2021, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
The plaintiff's contention that Tillman's affidavit was defective is without merit. The affidavit, which was signed by Tillman and notarized by a notary public using an acknowledgment form, was presumed to be properly sworn (see Hudson City Sav. Bank v DePasquale, 189 AD3d 1558, 1561). Further, any alleged defects pursuant to CPLR 2309 were mere irregularities and not fatal defects, and were properly disregarded in the absence of a showing of actual prejudice (see id. § 2001; U.S. Bank Trust v McGlone, 201 AD3d 999, 1001).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross-motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court