U.S. Bank, N.A. v Guaman (2025 NY Slip Op 02955)

U.S. Bank, N.A. v Guaman

2025 NY Slip Op 02955

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-09804
 (Index No. 19089/08)

[*1]U.S. Bank, N.A., etc., respondent,
v
Segundo Guaman, etc., appellant, et al., defendants; Keser Estate, nonparty-appellant.

The Hinds Firm LLC, Brooklyn, NY (Terry Hinds of counsel), for appellant, and Alter & Barbaro, Brooklyn, NY (Bernard M. Alter of counsel), for nonparty-appellant (one brief filed).
Frenkel Lambert Weiss Weisman & Gordon, LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Segundo Guaman and nonparty Keser Estate appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 17, 2023. The order, insofar as appealed from, denied those branches of the motion of that defendant and nonparty Keser Estate which were, in effect, pursuant to CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated March 4, 2022, and to dismiss the complaint insofar as asserted against that defendant for failure to comply with a court rule and RPAPL 1351.
ORDERED that the appeal by nonparty Keser Estate is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed insofar as appealed from on the appeal by the defendant Segundo Guaman; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On July 1, 2008, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the subject property). The defendant Segundo Guaman (hereinafter the borrower) failed to answer the complaint. The Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the borrower and for an order of reference. In 2015, the borrower conveyed his interest in the subject property to nonparty Keser Estate (hereinafter Keser). In an order and judgment of foreclosure and sale dated March 4, 2022, the court, among other things, granted the plaintiff's unopposed motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
A foreclosure sale of the subject property was scheduled to be held on August 17, 2023. Several days before the sale, the borrower and Keser moved, among other things, in effect, [*2]pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against the borrower for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, part F, Rule 7 (hereinafter Rule 7) and RPAPL 1351. In an order dated August 17, 2023, the Supreme Court, inter alia, denied those branches of the motion. This appeal ensued.
Initially, although the notice of appeal indicates that the appeal is being taken on behalf of the borrower and Keser, their brief submitted on the appeal raises no argument therein on behalf of Keser and requests relief only with respect to the borrower. Therefore, the appeal by Keser must be dismissed as abandoned (see Wells Fargo Bank, N.A. v Kaur, 230 AD3d 717, 719).
"CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party" (HSBC Bank USA N.A. v Kantor, 215 AD3d 643, 644 [internal quotation marks omitted]). A defendant seeking to vacate a default pursuant to CPLR 5015(a)(3) based on intrinsic fraud must show a reasonable excuse for the default and a potentially meritorious defense to the action (see ETrade Bank v Ejenam, 188 AD3d 1004, 1006; US Bank N.A. v Galloway, 150 AD3d 1174, 1175). Here, the borrower's contention that the order and judgment of foreclosure and sale should have been vacated based on, among other things, the plaintiff's alleged misrepresentations in seeking an order of reference is improperly raised for the first time on appeal (see Wells Fargo Bank, N.A. v Davis, 216 AD3d 704, 707; U.S. Bank Trust v McGlone, 201 AD3d 999, 1001). In any event, the borrower's allegations sound in intrinsic fraud and he failed to proffer any excuse for his default in answering the complaint (see JPMorgan Chase Bank, N.A. v Multani, 196 AD3d 549, 550; Wells Fargo Bank, N.A. v Shatles, 157 AD3d 750, 751-752). Moreover, the borrower failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct in securing the order and judgment of foreclosure and sale (see PennyMac Corp. v Sellitti, 193 AD3d 959, 960; Bank of Am., N.A. v Hirsch, 186 AD3d 1469, 1470).
"[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or which might have been litigated in the foreclosure action are concluded. Defenses which should have been raised before the entry of a judgment of foreclosure, but were not, should not be entertained by the court after the fact" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 692 [citations and internal quotation marks omitted]). Since the Supreme Court properly denied that branch of the motion which was, in effect, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale, the borrower is not entitled to dismissal of the complaint insofar as asserted against him based on the plaintiff's failure to comply with RPAPL 1351 or Rule 7, which "requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (U.S. Bank N.A. v Cabrera, 192 AD3d 1176, 1177 [internal quotation marks omitted]; see Retained Realty, Inc. v Koenig, 166 AD3d at 692).
Accordingly, the Supreme Court properly denied those branches of the motion which were, in effect, pursuant to CPLR 5015(a) to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against the borrower for failure to comply with Rule 7 or RPAPL 1351.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court