Simmons v Bell (2026 NY Slip Op 00394)

Simmons v Bell

2026 NY Slip Op 00394

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-01751
 (Index No. 703307/16)

[*1]Derrick Simmons, etc., respondent,
vAlfred Bell, et al., appellants.

The Katsorhis Law Firm, P.C., Flushing, NY (Nicole D. Katsorhis of counsel), for appellants.
Richard H. Coleman & Associates, P.C., Massapequa Park, NY, for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property and for related declaratory relief, the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated December 9, 2022. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was premised upon allegations that a deed to the subject property dated October 13, 1998, is forged, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Queens County, for the joinder of additional defendants in this action and for further proceedings consistent herewith.
Bessie Rogers, the plaintiff's decedent, acquired sole title to certain real property located in Queens in 1991. The plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to quiet title to the property, alleging, among other things, that the defendants, Alfred Bell and Rhonda D. Bell, forged Rogers's signature on several documents, including a deed dated October 13, 1998 (hereinafter the 1998 deed). In addition to seeking a declaration as to the plaintiff's exclusive right to the property, the complaint sought to recover the proceeds of a 2007 sale of the property to a third-party purchaser. The Supreme Court denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, which denial was affirmed on appeal (see Simmons v Bell, 220 AD3d 647). During the pendency of that appeal, the defendants moved for summary judgment dismissing the complaint. The court denied the motion. The defendants appeal.
Contrary to the plaintiff's contention, the defendants established, prima facie, that the 1998 deed was signed by Rogers and is therefore not a forgery. Rogers's signature on the 1998 deed was executed before a notary public, which is prima facie evidence that it was executed by Rogers (see CPLR 4538; Tribeca Lending Corp. v Huseinovic, 151 AD3d 901). In opposition, the plaintiff failed to raise a triable issue of fact. The presumption of due execution can be rebutted only after being weighed against evidence that the deed was not duly executed (see Oro v Figeroa, 208 AD3d 1338, 1339). Notably, Rogers testified at a deposition that the signature on the 1998 deed was [*2]indeed hers. Furthermore, since the plaintiff's handwriting expert was not able to determine whether Rogers actually was the signatory on the 1998 deed, the expert's opinion was insufficient to overcome the prima facie showing of authenticity (see Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384). Moreover, affidavits of Rogers and the plaintiff submitted in opposition also failed to raise a triable issue of fact as to the authenticity of Rogers's signature on the 1998 deed (cf. Seaboard Sur. Co. v Earthline Corp., 262 AD2d 253).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as was premised upon allegations that the 1998 deed is forged.
Contrary to the plaintiff's contention, the doctrine of the law of the case does not bar appellate review of the defendants' remaining arguments in support of their motion for summary judgment dismissing the complaint (see Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841; Borawski v Abulafia, 140 AD3d 817, 817-818; Brown-Jodoin v Pirrotti, 138 AD3d 661, 663). Nevertheless, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the remainder of the complaint.
As to equitable or judicial estoppel, the defendants failed to establish, prima facie, that the plaintiff is assuming a position in this action that is contrary to a position maintained in a prior action in the Civil Court of the City of New York, Queens County, commenced by Rogers (see Cruz v Bank of N.Y. Mellon, 218 AD3d 638, 640). Moreover, the defendants may not rely upon an equitable doctrine when they themselves are alleged to have unclean hands (see e.g. Kopsidas v Krokos, 294 AD2d 406, 407).
The defendants also failed to establish, prima facie, that the doctrines of res judicata (see Matter of Hunter, 4 NY3d 260, 269) or collateral estoppel (see Ryan v New York Tel. Co., 62 NY2d 494, 500) bar the plaintiff from pleading fraud in this action. In particular, the defendants failed to show the existence of a prior judgment of a claim involving the same subject matter on the merits (see Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790-791; Ricatto v Mapliedi, 133 AD3d 737, 738-739).
The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the plaintiff's claims of fraud on the ground that the complaint failed to plead fraud with the requisite particularity (see CPLR 3016[b]; Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559). Here, the complaint sufficiently alleged facts constituting fraud surrounding Rogers's purported gifting of the property to the defendants and the defendants' claimed entitlement to the proceeds from the sale of the property. Moreover, the defendants failed to establish, prima facie, that the plaintiff suffered no damages as a result of the defendants' alleged actions.
While the defendants correctly contend that the third party who purchased the property in 2007 is a necessary party to this action (see CPLR 1001[a]; RPAPL 1511[1]), the proper remedy is not dismissal of the complaint but joinder. When a necessary party "has not been made a party and is subject to the jurisdiction of the court, the court shall order him [or her] summoned" (CPLR 1001[b]; see RPAPL 1511[2]; Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725). Thus, the proper remedy for failure to join the third-party purchaser and her lender, if any, is not dismissal of the complaint, but to direct their joinder (see Schwimmer v Welz, 56 AD3d 541, 544). Therefore, we remit the matter to the Supreme Court, Queens County, for the joinder of these additional parties as defendants (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747-748).
The plaintiff's remaining contention is without merit.
BARROS, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court